JUANA PÉREZ, Plaintiff and Appellant, *v.* PEOPLE OF PUERTO RICO, Defendant and Appellee.

No. 7396.    Argued March 23, 1938.—Decided December 23, 1938.

*Miguel A. Bustelo,* for appellant.    *B. Fernández García, Attorney General,* and *Angel C. Calderón, Assistant Attorney General,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The plaintiff in this case was the mother of a three-year old child who fell into a tank or "cattle-dip" (*tanque de inmersión*) belonging to the defendant and was drowned. In addition to a cause of action for the death of the infant,

the mother set up another to recover damages for personal injuries suffered while attempting to save her son. Defendant demurred on two grounds: (*a*) lack of jurisdiction over The People of Puerto Rico, and (*b*) failure of the complaint to state a cause of action. The lower court upheld the demurrers and, pursuant to plaintiff's motion for judgment on the pleadings, dismissed the complaint. It is from such a judgment that the present appeal has been taken.

Although we are inclined to believe that the present action as presented, does not fall within the provisions of section 1803 of the Civil Code (1930 ed.) permitting actions against The People of Puerto Rico only in cases of torts committed by its special agents, we prefer to decide the case on the merits of the allegations themselves.

In substance, the complaint sets forth that The People of Puerto Rico, owned and controlled a "cattle-dip" or tank for use in the extermination of certain parasites affecting cattle; that the tank had and has a peculiar appearance which attracts the curiosity of people in general and especially that of children; that the tank was situated upon the property of a third person and was built by The People of Puerto Rico through an independent contractor; that plaintiff's house was next to the property where the tank was built; that plaintiff's child, attracted by the peculiar appearance of the tank, approached it, fell in and was drowned; that the death of the child was due to the negligence of the defendant in having constructed said tank too close to the plaintiff's house, and also due to the fact that the structure was unprotected and freely accessible to pedestrians and especially children.

The other cause of action depends on the sufficiency of the one just stated and need not be discussed.

From a close examination of the allegations which we have summarized, it appears that the plaintiff was relying upon the attractive nuisance theory. The accident happened within the close of a third person where on any other theory

the child had no right to be. In our opinion the complaint fails to allege sufficient facts to state a cause of action against defendant for maintaining an attractive nuisance. There is no satisfactory description of what constituted an attraction to the child in question, nor is there any averment that the defendant knew, or in the exercise of ordinary care, ought to have known that children would be attracted to the "cattle-dip". In other words, the plaintiff failed to allege the facts from which defendant's duty to protect against children should have arisen. The averment that plaintiff's house was adjacent to the place where defendant's tank was located, is insufficient. The allegation so frequently made to the effect that children were likely to congregate or play in the neighborhood of the place of accident is also missing. The mere possibility that a child may be attracted and injured is not important. There must be a probability that he will be so attracted and injured, for in the latter case the presence of the child should be anticipated by the defendant. See 50 Harvard Law Review 737; Restatement of the Law of Torts, p. 920; and the analysis of the field by Justice Córdova Dávila in the case of *Ramos* v. *Sucn. Serrallés,* 51 P.R.R. ——.

Under the circumstances, we must affirm the judgment of the lower court.

Mr. Justice Hutchison concurred.

Mr. Chief Justice Del Toro and Mr. Justice De Jesús took no part in the decision of this case.